**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RICARDO VALDES as Administrator ad Prosequendum of STUART KLODA, deceased, and RICARDO VALDES, Individually,

**Civil No.: 7:19-cv-00617**

Plaintiff,

-against-

GLEN Z. BROOKS, M.D. and NY KETAMINE INFUSIONS, L.L.C.,

Defendants.

______________________________________/

**VERIFIED COMPLAINT**

Plaintiff, RICARDO VALDES, by his attorneys, GOLDSTEIN & GOLDSTEIN, LLP , PAUL J. GOLDSTEIN, ESQ., OF COUNSEL and KAUFMAN & LYND, PLLC, JEFFREY S. KAUFMAN, ESQ., OF COUNSEL, as and for his Complaint against the Defendants, GLEN Z. BROOKS, M.D. and NY KETAMINE INFUSIONS, L.L.C., states the following:

**PARTIES AND VENUE**

1. Plaintiff, RICARDO VALDES, resides, and at all times relevant hereto resided at, 1700 Park Avenue, Weehawken, New Jersey 07086.

2. On February 13, 2017 Plainitff, RICARDO VALDES, was duly appointed Surrogate Court of Hudson County, New Jersey, as the Administrator Ad Prosequendum for his deceased spouse, STUART KLODA.

3. Jurisdiction and Venue are proper under 28 U.S.C. § 1332(a) in that all, or a substantial portion of the acts and/or omissions that give rise to these present claims occurred within the jurisdictional boundaries of the Southern District of New York.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RICARDO VALDES as Administrator ad Prosequendum of STUART KLODA, deceased, and RICARDO VALDES, Individually,

Plaintiff,

-against-

GLEN Z. BROOKS, M.D. and NY KETAMINE INFUSIONS, L.L.C.,

Defendants.

**Civil No.:**

## VERIFIED COMPLAINT

Plaintiff, RICARDO VALDES, by his attorneys, GOLDSTEIN & GOLDSTEIN, LLP , PAUL J. GOLDSTEIN, ESQ., OF COUNSEL and KAUFMAN & LYND, PLLC, JEFFREY S. KAUFMAN, ESQ., OF COUNSEL, as and for his Complaint against the Defendants, GLEN Z. BROOKS, M.D. and NY KETAMINE INFUSIONS, L.L.C., states the following:

## PARTIES AND VENUE

1. Plaintiff, RICARDO VALDES, resides, and at all times relevant hereto resided at, 1700 Park Avenue, Weehawken, New Jersey 07086.

2. On February 13, 2017 Plainitff, RICARDO VALDES, was duly appointed Surrogate Court of Hudson County, New Jersey, as the Administrator Ad Prosequendum for his deceased spouse, STUART KLODA.

3. Jurisdiction and Venue are proper under 28 U.S.C. § 1332(a) in that all, or a substantial portion of the acts and/or omissions that give rise to these present claims occurred within the jurisdictional boundaries of the Southern District of New York.

4. Upon information and belief, at all times material hereto, Defendant, NY KETAMINE INFUSIONS, L.L.C. (hereinafter referred to as "KETAMINE INFUSIONS"), operated and maintained its principal place of business in the City, County, and State of New York.

5. Upon information and belief, at all times material hereto, Defendant, KETAMINE INFUSIONS, was and remains a domestic for-profit corporation, duly organized and existing under the laws of the State of New York.

6. Upon information and belief, at all times material hereto, Defendant, KETAMINE INFUSIONS, was and remains a limited liability corporation, duly organized and existing under the laws of the State of New York.

7. Upon information and belief, at all times material hereto, Defendant, KETAMINE INFUSIONS, owned, leased, maintained, managed, and controlled a medical facility located at 75 Maiden Lane, Suite 1001, New York, New York 10038.

8. Annexed hereto and made a part thereof, is a Certificate of Merit, pursuant to New York CPLR Section 3012-a.

**FACTUAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION**

Plaintiff realleges and incorporates each and every allegation in Paragraphs one (1) through eight (8) as if set forth fully herein, and further alleges:

9. STUART KLODA passed away on or about February 2, 2017.

10. The deceased, STUART KLODA, took his own life.

11. Upon information and belief, at all times material hereto, Defendant, KETAMINE INFUSIONS, at the above address, through its employees, agents, and/or servants, provided health care or other health related services, including but not limited to medical examinations, diagnoses, and treatment to persons relying on them for medical care.

12. Upon information and belief, at all times material hereto, Defendant, KETAMINE INFUSIONS, advertised its services to the general public, through internet and other forms of communication, promoting Defendants' capabilities, success, and skills at helping those suffering from severe depression, through the administration of Ketamine injections.
13. At all times material hereto, Defendant, KETAMINE INFUSIONS, held itself out to the public, including the deceased, STUART KLODA, as a provider of high-quality health care and mental health services, with the requisite expertise to maintain the health and safety of their patients, such as the deceased and those similarly situated.
14. Upon information and belief, at all times material hereto, Defendant, GLEN ZEHNDER BROOKS, M.D. also known as GLEN Z. BROOKS, M.D. (hereinafter referred to as BROOKS), was and remains licensed to practice medicine in the State of New York.
15. Upon information and belief, at all times material hereto, Defendant, BROOKS, was and remains engaged in the practice of anesthesiology, pain management, and the treatment of depression.
16. Upon information and belief, at all times material hereto, Defendant, BROOKS, maintained offices at 75 Maiden Lane, Suite 1001, New York, New York 10038.
17. Upon information and belief, at all times material hereto, Defendant, BROOKS, owned, co-owned, leased, maintained, managed, and/or controlled the medical facility known as KETAMINE INFUSIONS, LLC.
18. Upon information and belief, at all times material hereto, Defendant, BROOKS, was an officer and/or principal of the medical facility known as KETAMINE INFUSIONS, LLC.

19. Upon information and belief, at all times material hereto, Defendant, BROOKS, and Defendant, KETAMINE INFUSIONS, were acting in furtherance of the business of each other and were united in interest with each other.

20. At all times material hereto, Defendant, BROOKS, held himself out to the public, including the deceased, STUART KLODA, as a provider of high-quality health care and mental health services, with the requisite expertise to maintain the health and safety of his patients, such as the deceased and those similarly situated.

21. Upon information and belief, at all times material hereto, Defendant, BROOKS, advertised his services to the general public, through internet and other forms of communication, promoting Defendants' capabilities, success, and skills at helping those suffering from severe depression, through the administration of Ketamine injections.

22. At all times material hereto, Defendant, KETAMINE INFUSIONS, employed, contracted, managed, and directed physicians, nurses, medical staff, directors, officers, operators, administrators, employees, agents, staff, and servants, all acting on behalf of Defendant, KETAMINE INFUSIONS, and in furtherance of Defendant's interests.

23. At all times material hereto, Defendant, KETAMINE INFUSIONS, was and remains responsible for the negligent acts and malpractice of any agent thereof, working in furtherance of those interests, under the doctrine of *respondent superior*.

24. At all times material hereto, Defendant, BROOKS, employed, contracted, managed, and directed physicians, nurses, medical staff, directors, officers, operators, administrators, employees, agents, staff, and servants, who were acting on behalf of Defendant, KETAMINE INFUSIONS, and in furtherance of Defendants' mutual interests.

25. At all times material hereto, Defendant, BROOKS, was and remains responsible for the negligent acts and malpractice of any agent of Defendant, KETAMINE INFUSIONS, working in furtherance of Defendants' interests, under the doctrine of *respondent superior*.

26. Decedent, STUART KLODA, was a patient and under the care, treatment, and monitoring of Defendants, BROOKS and KETAMINE INFUSIONS from July 29, 2016 up to and including the date of his death on or about February 2, 2017.

27. Upon information and belief, at all times material hereto, during the period between July 29, 2016 and February 2, 2017, decedent, STUART KLODA, presented himself to Defendants, BROOKS and KETAMINE INFUSIONS, for care, treatment, diagnosis, and evaluation of his medical condition and/or conditions, including but not limited to severe depression.

28. Upon information and belief, the treatment rendered to the deceased, STUART KLODA, by Defendants, BROOKS and KETAMINE INFUSIONS, took the form of Ketamine injections, allegedly administered for the purpose of treating severe depression.

29. Upon information and belief, at all times material hereto, during the period between July 29, 2016 and February 2, 2017, Defendants, BROOKS and KETAMINE INFUSIONS, provided care, treatment, diagnosis, evaluation, and advice to decedent, STUART KLODA, regarding his medical condition and/or conditions, including but not limited to severe depression.

## CAUSES OF ACTION

### COUNT I – NEGLIGENCE/MEDICAL MALPRACTICE

Plaintiff realleges and incorporates each and every allegation in Paragraphs one (1) through twenty-nine (29) as if set forth fully herein, and further alleges:

30. Defendants had a duty to provide a level of care commiserate with the medical profession, and to exercise the requisite standard and degree of care incumbent upon them by both the

profession they chose to practice within and the expertise the Defendants represented they had, to the public, including the decedent.

31. Defendants breached the duty of care, owed to decedent, STUART KLODA, in that the care and treatment rendered to decedent fell well below accepted standards of practice, within the medical profession, which constitutes medical malpractice.

32. At all times material hereto, Defendants had a duty to hire competent operators, administrators, employees, agents, physicians, nurses, medical staff, and other servants thereof, in order to provide care and treatment to its patients that fell within accepted standards of care for the medical profession.

33. Defendants knew or should have known that the medical staff, of the their facility, was not properly trained and/or supervised, in a manner necessary to provide a level of care for STUART KLODA that met all applicable standards and requirements; that demonstrated the standard and degree of care and skill required of competent healthcare providers; and that was consistent with the expertise that Defendants presented to the community at large.

34. Defendants had a duty to retain, train, and supervise only competent operators, administrators, employees, agents, and staff, in order to meet the required standards of care of their patients, including STUART KLODA, and further to carry out such standards in their rendering of medical advice and/or treatment.

35. Notwithstanding the aforesaid duty undertaken by Defendants, BROOKS and KETAMINE INFUSIONS, they departed from the prevailing professional standard of care, in the care and treatment of the deceased, STUART KLODA, in one or more of the following ways:

   a. Failed to consult with patient, STUART KLODA'S psychiatrist, who was known to Defendants;

b. Failed to take steps to prevent patient, STUART KLODA, from acting on known suicidal ideologies;

c. Failed to assess the seriousness of the patient, STUART KLODA'S plan for suicide and take the legally required steps and precautions to prevent such;

d. Failed to appropriately and timely assess mental health problems as these evolved over the series of visits and communications;

e. Negligently performed medical procedures on patient, STUART KLODA, causing the events that led to his eventual suicide;

f. Negligently failed to heed or diagnose the mental health issues, including those described herein;

g. Negligently failed to obtain informed consent from patient, STUART KLODA, for the procedures described herein;

h. Negligently failed to warn patient, STUART KLODA, of the potential treatment issues, including those described herein; and

i. Failed to report patient, STUART KLODA'S suicidal ideation and intentions, as required by New York's Public Health Laws, and the rules regulating the medical profession.

36. In treating plaintiff, defendants provided psychiatric treatment to the deceased patient, STUART KLODA, but failed to exercise that degree of care and skill which is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

37. Defendant, BROOKS, negligently performed the above described procedure on the deceased, STUART KLODA, and in so doing, negligently deviated from the requisite standard of care.

38. The failure to take the proper notice of MR. KLODA'S continuing complaints and mental symptoms before and after treatment that exacerbated his condition, and the failure to report the suicidal plans, ideations, and statements, of the deceased, STUART KLODA, are significant departures from the relevant standard of care and a violation of the rules regulating DEFENDANTS' chosen professional field of medicine.

39. DEFENDANTS jointly, further violated their medical and legal duty by failing to warn MR. KLODA of the dangers associated with the treatment rendered. Further, DEFENDANTS jointly received improper consent to treat MR. KLODA as they withheld the aforementioned information and continued to treat MR. KLODA.

40. As a result of the DEFENDANTS' negligence and malpractice, STUART KLODA was caused to endure conscious pain and suffering, emotional trauma, and other injuries, up to and including death.

41. As a direct and proximate result of the departures from the prevailing professional standard of care by Defendants, BROOKS and KETAMINE INFUSIONS, the deceased, STUART KLODA, was not rendered medical care and treatment in accordance with the prevailing professional standard of care, and such departures were the sole legal cause of her injuries and damages.

42. As a direct and proximate cause result of DEFENDANTS' negligence and malpractice, STUART KLODA sustained serious and permanent personal injuries, including death, was forced to endure pain, suffering, mental anguish, and emotional distress, ending with his suicide.

43. The acts and/or omissions set forth above constitute a claim under the laws of the State of New York.

**COUNT II – INFORMED CONSENT**

Plaintiff realleges and incorporates each and every allegation in Paragraphs one (1) through forty-three (43) as if set forth fully herein, and further alleges:

44. Defendants, BROOKS and KETAMINE INFUSIONS, their agents, servants, and/or employees failed to disclose to the deceased, STUART KLODA, such alternatives to the treatment and the reasonable, foreseeable risk and benefits involved as a reasonable medical practitioner, under similar circumstances, would have disclosed, in a matter permitting MR. KLODA to make knowledgeable evaluation. In so doing DEFENDANTS failed to procure informed consent.

45. Specifically, Defendants failed to warn of the possibility of the treatment they provided increasing symptoms regarding suicidal ideology.

46. As a result of DEFENDANTS' failure to obtain an informed consent, the deceased, STUART KLODA, sustained serious and permanent personal injuries, including death, was forced to endure pain, suffering, mental anguish, and emotional distress, ending with his suicide.

47. The acts and/or omissions set forth above constitute a claim under the laws of the State of New York.

**COUNT III – FAILURE TO REPORT**

Plaintiff realleges and incorporates each and every allegation in Paragraphs one (1) through forty-three (43) as if set forth fully herein, and further alleges:

48. Notwithstanding the aforesaid duty undertaken by Defendants, BROOKS and KETAMINE INFUSIONS, failed to document patient, STUART KLODA'S symptoms of suicidal ideation, in contravention of the reporting requirements of both their chosen profession and the laws of the State of New York.

49. Defendants, BROOKS and KETAMINE INFUSIONS, failed to assess the seriousness or threat level of patient, STUART KLODA'S symptoms of suicidal ideation, in contravention of the reporting requirements of both their chosen profession and the laws of the State of New York.

50. Defendants, BROOKS and KETAMINE INFUSIONS, further failed to create or implement a plan of action for scenarios such as this present claim, in contravention of the reporting requirements of both their chosen profession and the laws of the State of New York.

51. Defendants, BROOKS and KETAMINE INFUSIONS, their agents, servants, and/or employees failed to report the deceased, STUART KLODA'S, suicidal thoughts, ideations, and intentions, as required under and in contravention of the Public Health Laws, of the State of New York, and the prevailing standards and rules regulating the medical profession. In so doing DEFENDANTS caused and/or contributed to MR. KLODA'S death.

52. As a result of DEFENDANTS' failure to report, the deceased, STUART KLODA, sustained serious and permanent personal injuries, including death, was forced to endure pain, suffering, mental anguish, and emotional distress, ending with his suicide.

53. The acts and/or omissions set forth above constitute a claim under the laws of the State of New York.

**COUNT IV – WRONGFUL DEATH**

Plaintiff realleges and incorporates each and every allegation in Paragraphs one (1) through fifty-three (53) as if set forth fully herein, and further alleges:

54. As a result of the aforesaid acts and/or omissions, the death of the decedent, STUART KLODA, which occurred on or about February 2, 2017, was caused and occasioned by the negligence and malpractice of DEFENDANTS, herein enumerated.

55. At the time of his death, STUART KLODA, was approximately forty-six (46) years of age, his date of birth being, February 28, 1970.

56. The decedent, STUART KLODA, has left surviving heirs at law, including his spouse, Plaintiff, RICARDO VALDEZ.

57. By virtue of the wrongful death, decedent, STUART KLODA, has heirs at law and next of kin have sustained pecuniary damage. That, in connection with the injuries and resulting death, sustained by decedent, the estate has necessarily incurred and become obligated to pay funeral and other related expenses, in connection with the death and the settlement of the estate of decedent, STUART KLODA. These expenses range in various and diverse amounts, all to the damage of decedent's estate, in an amount to be determined at trial, in this present action, in excess of the jurisdictional limits of all lower courts, which might otherwise have jurisdiction, with interest starting from the date to wit, of February 2, 2017.

**COUNT V – LOSS OF CONSORTIUM ON BEHALF OF PLAINTIFF RICARDO VALDES IN HIS INDIVIDUAL CAPACITY**

Plaintiff realleges and incorporates each and every allegation in Paragraphs one (1) through fifty-three (53) as if set forth fully herein, and further alleges:

58. Plaintiff, RICARDO VALDES, was married to STUART KLODA, at all times material hereto, both prior to, and up to and including the date of his death, and as such, was and is entitled to the love, society, and consortium of his spouse.

59. As a result of the negligence and malpractice of the Defendants, BROOKS and KETAMINE INFUSIONS, set forth herein above, and Prior to the passing of Decedent, KLODA, Plaintiff, RICARDO VALDES suffered conscious pain and suffering, resulting from the pain and subsequent loss of his spouse.

60. Prior to the passing of Decedent, KLODA, Plaintiff, RICARDO VALDES was deprived, in whole or in part, of the services, society, love, affection, and consortium of his deceased spouse, for the aforesaid period of time.

61. Plaintiff, RICARDO VALDES, was obligated to divert and divest sums of money for the care and treatment of his spouse's ailments and disabilities, arising from the negligence and malpractice discussed herein above, in an amount to be determined at trial, for this present action, together with such relevant costs and disbursements of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, RICARDO VALDES as Administrator ad Prosequendum of STUART KLODA, deceased, and RICARDO VALDES, Individually, demands judgment against Defendants, for compensatory damages as follows:

a) In an amount commensurate with the injuries and commensurate pain and suffering sustained by Plaintiff's decedent, STUART KLODA, against Defendants, GLEN Z. BROOKS, M.D. and NY KETAMINE INFUSIONS, L.L.C., on the First Cause of Action;

b) In an amount commensurate with the injuries and commensurate pain and suffering sustained by Plaintiff's decedent, STUART KLODA, against Defendants, GLEN Z. BROOKS, M.D. and NY KETAMINE INFUSIONS, L.L.C., along with any available statutory and/or punitive damages, on the Second Cause of Action;

c) In an amount commensurate with the injuries and commensurate pain and suffering sustained by Plaintiff's decedent, STUART KLODA, against Defendants, GLEN Z. BROOKS, M.D. and NY KETAMINE INFUSIONS, L.L.C., along with any available statutory and/or punitive damages, on the Third Cause of Action;

d) In an amount commensurate with the death sustained by Plaintiff's decedent, STUART KLODA, against Defendants, GLEN Z. BROOKS, M.D. and NY KETAMINE INFUSIONS, L.L.C., on the first Cause of Action, and

e) In an amount commensurate with the loss of services sustained by Plaintiff, RICARDO VALDES, against Defendants, GLEN Z. BROOKS, M.D. and NY KETAMINE INFUSIONS, L.L.C., on the first Cause of Action;

Together with the costs, attorneys' fees and disbursements, of this Action, and for such other and further relief, which as to this Honorable Court, may seem just and proper.

**JURY TRIAL DEMAND**

Plaintiff, RICARDO VALDES as Administrator ad Prosequendum of STUART KLODA, deceased, and RICARDO VALDES, Individually, further demands trial by jury of all issues so triable, as of right, by a jury.

Dated: New York, New York, this 29th of January 2019.

*Paul J. Goldstein, Esq.*
*SDNY Bar No. 9722*
Email: paul@goldsteinlawfirm.com
GOLDSTEIN & GOLDSTEIN, LLP
*Counsel for Plaintiff*
One Civic Center Plaza, Suite 541
Poughkeepsie, New York 12601
Phone: (845) 473-5100
Fax: (845) 454-4783

_______________________________
*Jeffrey S. Kaufman, Esq.*
Email: jeffreykaufman@kaufmanlynd.com
Secondary Email: rosso@kaufmanlynd.com

Alternate: litigation@kaufmanlynd.com
KAUFMAN & LYND, PLLC
*Counsel for Plaintiff*
200 E. Robinson Street, Suite 250
Orlando, Florida 32801
Phone: (407) 706-3535
Fax: (407) 440-4543