```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| RICARDO VALDES, AS ADMINISTRATOR AD PROSEQUENDUM OF STUART KLODA, DECEASED, AND RICARDO VALDES, INDIVIDUALLY,<br>                     Plaintiff,<br><br>        - against -<br><br>GLEN Z. BROOKS AND NY KETAMINE INFUSIONS, L.L.C.,<br>                     Defendants. | 19-cv-617 (JGK)<br><br>MEMORANDUM OPINION AND ORDER |

**JOHN G. KOELTL, District Judge:**

On October 13, 2021, the Clerk entered judgment in this case in favor of the defendants, NY Ketamine Infusions, L.L.C. and Glen Z. Brooks. On December 2, 2021, the plaintiff filed a notice of appeal from that judgment. The plaintiff now moves for an extension of time to file the notice of appeal, in order that the notice of appeal filed on December 2, 2021, be timely.

Under Federal Rule of Appellate Procedure 4(a)(1), a notice of appeal is timely if filed within 30 days after entry of judgment. However, under Rule 4(a)(5), a district court may extend this time if a party (ii) moves for an extension no later than 30 days after the expiration of the time described in 4(a)(1), and (ii) "shows excusable neglect or good cause."

In this case, the plaintiff has timely moved for an extension. The time for the plaintiff to file a notice of appeal under Rule 4(a)(1) was November 15, 2021 (because November 13,

2021, was a Saturday). The time for the plaintiff to file an extension under Rule 4(a)(5) was therefore December 16, 2021, and thus the plaintiff's December 2, 2021, request for an extension was timely.

The plaintiff has also shown excusable neglect. Excusable neglect is the proper standard where there is some fault on the part of the movant. Johnson v. Comm'r of Soc. Sec., No. 20-cv-8191, 2021 WL 5494521, at *1 (S.D.N.Y. Nov. 22, 2021). In considering whether the movant has shown excusable neglect, courts consider four factors: "[1] the danger of prejudice to the non-movant, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Id.

In this case, the plaintiff explains that, on November 11, 2021, the plaintiff attempted to file a notice of appeal, and received a payment confirmation of the appellate filing fee. ECF No. 80, ¶¶ 3-4. The plaintiff says that this confirmation "gave the impression that the filing process had been completed and accepted." Id. ¶ 4. In reality, however, the process was not completed until the notice of appeal had been filed and docketed. See Franklin v. McHugh, 804 F.3d 627, 631 (2d Cir. 2015). That filing was not in fact completed on November 11, 2021. See id.

There is no prejudice to the non-movant or impact on future proceedings, and the length of delay was short. Johnson, 2021 WL 5494521, at *2 (S.D.N.Y. Nov. 22, 2021). There is likewise no evidence of bad faith: the defendant attempted to appeal before the deadline, and had reason to believe that the appeal was timely filed. See id. Finally, the reason for the delay is understandable, as a reasonable person could believe that payment confirmation was the last step in the filing process. See id. Others have made the same mistake. See, e.g., Franklin, 804 F.3d at 631. Accordingly, while the plaintiff was partly at fault for the appeal's untimeliness, his neglect was excusable.

Because the requirements of Rule 4(a)(5) are met, the motion for an extension of time to file a notice of appeal is **granted**. Accordingly, the December 2, 2021, notice of appeal is timely. The Clerk is directed to close Docket No. 80.

**SO ORDERED.**
**Dated:** **New York, New York**
**December 3, 2021**

_____
John G. Koeltl
United States District Judge